HORTON, J. concurring.
I write separately to explain why I join in the Court’s conclusion that the district court failed to recognize the boundaries of its discretion and the governing legal standard.
The district court’s opinion granting summary judgment framed the issue before it as follows: “Plaintiff seeks summary judgment on its claim for breach of contract, arguing that the SCRA does not allow Defendants to terminate the lease without a showing of hardship or some intended relief related to Shull’s deployment. Defendants argue that the SCRA allows Defendants to terminate the lease.” The district court concluded its opinion with the statement that “Plaintiff has not presented a compelling argument for this court to exercise its equitable discretion and withhold the protection of the Act.” The only reasonable interpretation of these statements is that the district court believed that it was confronted with a binary choice: either to allow SRO and Dr. Shull to terminate the lease or to prevent the lease termination.
In this case, Climax did not seek to prevent termination of the lease as it had successfully re-let the property vacated by SRO, albeit for a lesser sum than it would have received from SRO and Dr. Shull. Thus, Climax requested that the district court exercise its authority under § 305(g)[6] of the SCRA to modify the relief granted to Dr. Shull by requiring him and SRO to compensate Climax for its reduced rental income and expenses incurred in finding a replacement lessee. As the Court’s opinion properly holds, § 305(g) grants the trial court broad discretion to fashion the remedy it deems required by “justice and equity.” Thus, the district court had three options: (1) to deny Climax any recovery (the minimum); (2) to require SRO and Dr. Shull to compensate Climax for all losses incurred by reason of the lease termination (the maximum); or (3) to require SRO and Dr. Shull to pay any sum between the minimum and maximum that it adjudged necessary to satisfy the requirements of justice and equity. As it does not appear that the district court appreciated the availability of this third option, I join in the Court’s opinion.
I also concur with the Court’s conclusion that the district court erred by requiring Climax to demonstrate the existence of an equitable right of relief “such as mutual mistake, fraud, or impossibility” as a precondition to recovery under § 305(g). There is nothing in the SCRA that suggests that servicemembers are generally immune from civil liability; to the contrary, the express purpose of the SCRA, as articulated in § 2, is *799 “to provide for the temporary suspension of judicial and administrative proceedings and transactions that may adversely affect the civil rights of servicemembers during their military service.” 50 U.S.C. app. § 502(2) (emphasis added). If Climax had a civil remedy available to it, either in law or under a recognized equitable theory, it could have pursued an action against SRO and Dr. Shull without recourse to § 305(g). However, because the SCRA granted Dr. Shull the right to terminate the lease, Climax’s only hope for recovering some or all of its claimed losses rests upon its ability to persuade the district court that such recovery is required by “justice and equity.”
Chief Justice EISMANN concurs.

. In the interest of consistency, this concurring opinion adopts the convention applied in the Court’s opinion of referring to sections of the Act rather than sections of the United States Code. Section 305 is that portion of the SCRA that is codified at 50 U.S.C. app. § 535(g).